

# THE ATTORNEY GENERAL
## OF TEXAS

**JOHN BEN SHEPPERD**
ATTORNEY GENERAL

AUSTIN 11, TEXAS

December 15, 1953

Hon. Tom Sealy, Chairman
The Board of Regents
The University of Texas
Post Office Box 670
Midland, Texas

Opinion No. S-116

Re: (A) Allowance of travel
expenses of faculty
member to deliver
original research
before a learned
society. (B) Ap-
plicability of the
limitation upon
more than three
persons attending
any one convention
or organized gath-
ering to attendance
by faculty members
delivering original
researches.

Dear Mr. Sealy:

You state that on November 9, 1953, the Geo-
logical Society of America and the Minerological Society
of America, both of which are "national learned-societies,"
held a combined annual meeting in Toronto, Canada, in
conjunction with meetings of the Geological Association
of Canada. You also state that Dr. Stephen E. Clabaugh,
a member of the faculty of the University, made a formal
presentation of a paper at these meetings covering the
results of certain original researches made by him.

First, you ask whether Dr. Clabaugh may be
reimbursed for "all" travel expenses incurred by him in
attending these meetings or, at least, for that portion
of his travel expense incurred "within the United States."

The controlling statute for all travel expense
questions is Section 8 of the General Provisions of
the current general appropriation act. Acts 53rd Leg.,
1953, Ch. 81, Art. VI, Sec. 8, p. 127 at pp. 345-348.
Under the current act this single "Travel Expenses"
section governs travel expense reimbursement for all
agencies of the State government, whereas under previous

appropriation acts this subject was regulated by separate special provisions applicable to each of the major classes of State agencies.

After reciting certain preliminary definitions and limitations in Subsections "a" and "b", Subsection "c" of Section 8 declares what is no doubt the most fundamental of all limitations on out-of-state (as well as intrastate) travel expense reimbursement, namely, that reimburseable travel must be "for State business."* Subsection "c" next provides an administrative system for determining what is and what is not State business for purposes of out-of-state travel by requiring in most cases that the Attorney General make a prior written determination. Several exceptional cases are listed in which the Attorney General's determination is not required and among these is "out-of-state travel on official State business by officers and employees of the State agencies of higher education when such travel has been specifically authorized by the appropriate governing board." In these exceptional cases the designated boards or officers must make the necessary determination of purpose.

The final paragraph of Subsection "d" obviously pertains to the subject of what is State business and, consequently, must be read in conjunction with Subsection "c". Cf. Acts 52nd Leg., 1951, Ch. 499, Art. V, Sec. 35, p. 1228 at p. 1474. That final paragraph provides:

"The formal presentation of original researches, by an employee of an educational institution, if before a national, regional or state learned society approved in advance by

---

* Section 8 does not in so many words require that intrastate travel be for "State business" only. While not here involved, we deem it appropriate to say that such a requirement is implicit in the language and history of Section 8. While there are no particular criteria and there is no special administrative system provided in the statute for determining "state business" in relation to intrastate travel reimbursement, the pertinent considerations for State officers ultimately making such determinations have often been discussed. Att'y. Gen. Op. No. 0-1195 (1939); Att'y. Gen. Op. No. 0-5769 (1944).

the administrative head of the school, shall
be considered state business."

In view of these provisions, we think it is
clear that Dr. Clabaugh was on State business if his
presentation was "approved in advance by the adminis-
trative head" of the University and was "specifically
authorized by the . . . governing board of the Univer-
sity." If both of these conditions were satisfied,
Dr. Clabaugh may be reimbursed in accordance with Sec-
tion 8 limitations for all expenses, whether or not
incurred within the United States. Neither Section
8 nor any other law known to us declares that State
business can never be transacted outside of the United
States. See Att'y. Gen. Op. No. O-5769 (1944). Of
course, you are aware that Section 8 imposes numerous
limitations on reimburseable expenses and that, among
other things, Dr. Clabaugh, if eligible for reimburse-
ment, would not be entitled to reimbursement for actual
daily expenses in excess of $4 for meals and $6 for
meals and lodging since he is within none of the cate-
gories excepted from Subsection "k." Cf. Att'y. Gen.
Op. No. MS-74 (1953).

The final sentence in Subsection "c" is as
follows:

"In no event shall more than three per-
sons from any agency be approved for travel
to any one convention, organized gathering,
or meeting of a similar nature."

Your second question is whether this "three-person"
limitation applies to "officers or employees of edu-
cational institutions in the formal presentation of
original researches before a national, regional or
state learned society."

In our opinion, it makes no difference what
kind of State business is performed by State officers
or employees attending conventions, organized gather-
ings and meetings of a similar nature. For, it is not
the kind of State business but, rather, it is the kind
of meeting that is determinative so far as this limita-
tion is concerned. The fact that the final paragraph
of Subsection "d" explicitly defines approved formal
presentations of original researches as "state business"
is of no distinguishing significance. Numerous other

State functions are explicitly classified as state business in Subsection "c". Several of these involve attendance by State officers or employees at meetings and conferences. Yet, in our opinion the "three-person" limitation applies to these defined functions the same as it applies to out-of-state functions which must be approved by the Attorney General. Cf. Att'y. Gen. Op. No. V-1376 (1951). Regardless of who makes the determination and gives final approval for travel to a convention -- the Attorney General, the Governor, the appropriate governing board of an agency of higher education, or some other officer or board -- no more than three persons shall be approved so as to become eligible for travel expense reimbursement from funds appropriated by Chapter 81.

Therefore, you are respectfully advised that the "three-person" limitation does apply to out-of-state travel by officers and employees of educational institutions for the purpose of formal presentation of original researches before national, regional or state learned societies.

## SUMMARY

A member of the faculty of the University of Texas who made a formal presentation of original researches at meetings of national learned-societies held in Toronto, Canada, may be reimbursed for travel expenses to the extent permitted by the current general appropriation act if his presentation was approved in advance by the administrative head of the University and was specifically authorized by the Board of Regents. Acts 53rd Leg., 1953, Ch. 81, Art. VI, Sec. 8, p. 127 at pp. 345-348.

The "three-person per convention" limitation contained in Subsection "c" of Section 8 applies to all travel expense to be reimbursed from funds appropriated by Chapter 81, including travel by officers and employees of

educational institutions for the purpose of
formally presenting original researches before
learned societies.

APPROVED:

Willis E. Gresham
Public Affairs Division

John Davenport
Reviewer

Robert S. Trotti
First Assistant

John Ben Shepperd
Attorney General

PR:wb:lm

Yours very truly,

JOHN BEN SHEPPERD
Attorney General

By *Phillip Robinson*
Phillip Robinson
Assistant